UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.J. MCELROY,<br><br>    Plaintiff,<br><br>    v.<br>,<br>    Defendants. | No. 1:25-cv-00748 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING:<br><br>(1) PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED CONSISTENT WITH 28 U.S.C. § 1915(G)<br><br>(ECF No. 2), AND<br><br>(2) PLAINTIFF BE REQUIRED TO PAY THE FILING FEE IN FULL PRIOR TO PROCEEDING ANY FURTHER WITH THIS ACTION<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2, 6. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the undersigned will recommend that Plaintiff's application to proceed in forma pauperis be denied, consistent with 28 U.S.C. § 1915(g), and that he be

required to pay the filing fee in full prior to proceeding any further with this action. Plaintiff will be given fourteen days to file objections to this order.

## I. RELEVANT FACTS

On June 20, 2025, Plaintiff's complaint and his application to proceed in forma pauperis were docketed. ECF Nos. 1, 2. Shortly thereafter, on June 24, 2025, Plaintiff's six-month prison trust fund account statement was docketed. ECF No. 6. Thus, Plaintiff's application to proceed in forma pauperis is complete.

## II. IN FORMA PAUPERIS STATUS

"[In forma pauperis] status is not a constitutional right." Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) (brackets added); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("To proceed in forma pauperis is a privilege not a right."). An inmate's in forma pauperis status may be revoked *at any time* if the court, either sua sponte or on a motion, determines that the status was improvidently granted. Keeton v. Marshall, No. CV 17-01213 FMO (KS), 2018 WL 4381543, at *6 (C.D. Cal. June 8, 2018) (citation omitted) (italics added); Owens v. Matthews, No. CV 16-07755 JFW (KS), 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017) (stating same). The grant or refusal of permission to proceed in forma pauperis is left to the sound discretion of the district court. Smart, 347 F.2d 114, 116 (9th Cir. 1963) (citing Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963)). The latitude given a district court in such matters is especially broad in civil actions by prisoners against their wardens and other officials. Smart, 347 F.2d at 116 (footnote citation omitted); Shobe v. People of State of California, 362 F.2d 545, 546 (9th Cir. 1966) (citing Smart).

## III. THREE STRIKES RULE: 28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action *and the reasons underlying it*." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (emphasis added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, the plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998); Lipsey v. Allison, No. 1:21-cv-00912 GSA, 2021 WL 2390424, at *3 (E.D. Cal. June 11, 2021) ("The availability of the imminent danger exception

////

3

turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.").

The danger faced by a prisoner at the time of filing must be imminent or ongoing. See, e.g., Medberry, 185 F.3d at 1193 (finding plaintiff was not in either imminent or ongoing danger and denying him ability to proceed in forma pauperis as three strikes litigant). "Imminent danger of serious physical injury must be a real and present threat, not merely speculative or hypothetical." Lipsey, 2012 WL 2390424, at *3; Blackman v. Mjening, No. 1:16-cv-01421 LJO GSA, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). In addition, "the imminent danger exception to the [Prison Litigation Reform Act's] three strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022) (brackets added).

### IV. DISCUSSION

#### A. Plaintiff Is a Three Strikes Litigant[1]

The Court takes judicial notice of the fact that as early as June of 2012, Plaintiff was determined to be a three strikes litigant within the meaning of 28 U.S.C. § 1915(g). See McElroy v. Turner, No. 2:12-cv-01182 CMK ("Turner"). In Turner, the Court found that the following cases that Plaintiff had filed in the Eastern District of California constituted strikes:

- McElroy v. Gebbmedin, No. 1:08-cv-00124 LJO GSA (E.D. Cal. Dec. 11, 2008) (dismissed for failure to state a claim);
- McElroy v. Schultz, No. 1:08-cv-00179 OWW MJS (E.D. Cal. Apr. 30, 2010) (dismissed for failure to state a claim), and
- McElroy v. California Dep't of Corr., No. 2:08-cv-00733 HWG (E.D. Cal. June 3, 2009) (dismissed for failure to state a claim).

See Turner, ECF No. 6 at 2 (order identifying Plaintiff as three strikes litigant). As a result, Turner was dismissed after Plaintiff failed to pay the filing fee in full within the period he was

---

[1] The Court takes judicial notice of the fact that Plaintiff has previously been identified as a three strikes litigant. See Kelly v. Sao, 1:19-cv-00681 LJO BAM (E.D. Cal. July 25, 2019), ECF Nos. 6 n.9 and 9) (findings and recommendations; order adopting, respectively),

4

1  ordered to do so.  See Turner, ECF No. 7 (order dismissing and closing case for failure to pay
2  filing fee in full).
3      Most recently, in May of 2023, Plaintiff was again identified as a three strikes litigant in
4  McElroy v. Castro, No. 1:23-cv-00559 SKO ("Castro,").  See Castro, ECF Nos. 6, 8 (three strikes
5  findings and recommendation order; order adopting same).  In addition to identifying the three
6  above referenced matters as strikes, the Castro Court also identified four others:
7      • McElroy v. City of Inglewood, No. 2:02-cv-04301 MMM MLG (C.D. Cal. Nov. 20,
8          2002) (failure to state a claim);
9      • McElroy v. City of Inglewood, No. 2:03-cv-05034 UA MLG (C.D. Cal. July 25, 2003)
10         (dismissed as frivolous);
11     • McElroy v. Institutional Head Ground, No. 1:13-cv-00483-MJS (E.D. Cal. Nov. 1,
12         2013) (dismissed for failure to state a claim), and
13     • McElroy v. Gomez, No. 1:20-cv-00658 DADSAB (E.D. Cal. Dec. 10, 2020)
14 (dismissed for failure to state a claim; failure to comply with court order, and for failure to
15 prosecute).
16 Castro, ECF No. 6 at 2.
17     Thus, it is clear that Plaintiff has been a three strikes litigant for quite some time, and that
18 he is well aware of this status.  As a result, absent the existence of exigent circumstances at the
19 time that he filed the instant matter, Plaintiff is required to pay the filing fee in full prior to
20 proceeding any further with it.  See 28 U.S.C. § 1915(g).
21          B.  Plaintiff Has Not Shown He Was in Imminent Danger of Serious Physical Harm
22     A review of Plaintiff's complaint fails to sufficiently establish that he was in imminent
23 danger of serious physical harm when he filed it.  The complaint is convoluted and rambling,
24 making it difficult to quickly identify defendants and claims alleged.  It appears to allege
25 violations of right related to the failure to address disabilities that he has.  See generally ECF No.
26 1 at 3-20.  However, nothing in the complaint alleges that Plaintiff was in imminent danger of
27 serious physical harm at the time he filed the complaint.  See id.
28

1    For these reasons, as a three strikes litigant who was not in imminent danger of serious physical harm when he filed the instant complaint, Plaintiff is required under Section 1915(g) to pay the filing fee in full before proceeding any further with this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED and that he be required to pay the filing fee in full prior to proceeding any further with this matter.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections.  To the extent that Plaintiff wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  Plaintiff's failure to file objections within the specified time may result in the waiver of certain rights on appeal.  See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 25, 2025**             /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE