# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.J. MCELROY, a.k.a. EIBON MCELROY, a.k.a. LATWAHN MCELROY, a.k.a. LATHWAHN MCELROY,<br><br>Plaintiff,<br><br>v.<br><br>SGT. GUZMAN, *et al.*,<br><br>Defendants. | No. 1:25-cv-00748 JLT BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br>(Doc. 18)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE AND FAILURE TO OBEY COURT ORDER<br>(Docs. 12, 14, 17) |

E. J. McElroy is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On June 26, 2025, the then-assigned magistrate judge issued findings and recommendations recommending that Plaintiff's application to proceed *in forma pauperis* be denied because he is subject to the three strikes bar of 28 U.S.C. § 1915(g). (Doc. 9.) The magistrate judge also recommended that Plaintiff be ordered to pay the required $405.00 filing fee in full to proceed with this action. (*Id.*) Despite receiving an extension of the deadline, Plaintiff did not file objections to the findings and recommendations. (Doc. 11.) On August 12, 2025, the Court adopted the findings and recommendations in full and ordered Plaintiff to pay the filing fee in full within 21 days. (Doc. 12.)

Following two extensions of time, the deadline for Plaintiff to pay the filing fee was November 10, 2025. (Docs. 14, 17.) Plaintiff has not paid the filing fee, and the deadline for him

1

to do so has expired. In lieu of paying the filing fee, on November 18, 2025, Plaintiff filed a "Motion for extension of 60 days time and/or a continuance until the relevant needs can be met." (Doc. 18.) As in his prior request for an extension of time, Plaintiff asserts that circumstances beyond his control are preventing him from paying the filing fee in compliance with the Court's order. These circumstances appear to include a lack of access to the facility law library, Plaintiff's disability and mental health, and Plaintiff's need to conduct legal and financial research and consult experts regarding electronic monetary transfers. Plaintiff also states that he is unable to access his legal property that contains contact information for persons who can help him complete the task. Although Plaintiff's motion purports to seek only an extension of time or continuance of the deadline to pay the filing fee, Plaintiff also seeks a Court order allowing Plaintiff access to a private open line phone and/or telephonic conference to communicate with legal offices and financial institutions to make arrangements to satisfy the Court's order, as well as telephonic access to obtain class counsel regarding payment from an unspecified class action regarding a data breach. The remainder of Plaintiff's motion appears related to the underlying merits of his claims.

As the magistrate judge found in response to Plaintiff's previous request for extension of time, Plaintiff has had ample time to pay the filing fee and has failed to do so. Plaintiff again provides no indication that he expects to secure the funds—from any source—in a timely manner to pay the filing fee, nor does Plaintiff cite to any authority entitling him to repeated extensions of time until he can acquire the necessary funds to proceed with this action. More than three months have passed since Plaintiff was first ordered to pay the filing fee, and more than five months have passed since this action was filed. The Court finds that a further extension of time is not warranted where Plaintiff also requests Court intervention to allow him to pursue strategies that provide only a speculative opportunity for Plaintiff to acquire the necessary funds.

Because Plaintiff has failed to obey the Court's order and pay the appropriate filing fee, and Plaintiff has presented no indication that she has the means to pay the filing fee, this case cannot proceed. This matter will be dismissed. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992). Thus, the Court **ORDERS**:

1. Plaintiff's motion for extension of time, (Doc. 18), is **DENIED**.
2. This action is **DISMISSED**, without prejudice, for Plaintiff's failure to comply with the Court's order and failure to pay the filing fee; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **November 24, 2025**                                     /s/ Jennifer L. Thurston
                                                                                    UNITED STATES DISTRICT JUDGE